IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN ALBERT, (SPN #02206887) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-16-2929 |
| DEPUTY ROBBERSON, et al., Defendants. | § § § § | |

**MEMORANDUM ON DISMISSAL**

The plaintiff, a former inmate of the Harris County Jail ("HCJ"), filed this civil rights action *in forma pauperis*. On October 4, 2016, this court advised the plaintiff that he must pay the entire filing fee of $350.00 when funds were available in his inmate account. (Docket Entry No. 3). On October 28, 2016, the plaintiff advised the Clerk in writing of his current address, in accordance with Local Rule 83.4. (Docket Entry No. 4).

In an order entered on July 12, 2017, this court advised the plaintiff that the Prison Litigation Reform Act amended 28 U.S.C. § 1915 so that a plaintiff proceeding *in forma pauperis* must now pay the entire statutory filing fee of $350.00. (Docket Entry No. 8). Though the statute now allows an *in forma pauperis* plaintiff to begin a lawsuit without prepayment of the entire filing fee, the plaintiff is still obligated to pay the entire filing fee over time.

Because the plaintiff had advised the court of his new address on October 28, 2016, this court determined that the plaintiff had been released from the custody of the HCJ. Citing *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997), this court advised the plaintiff that the § 1915 filing fee requirement applied to the plaintiff because he filed the complaint while he was

a prisoner.[1]

In its Order entered on July 12, 2017, this court directed the plaintiff to pay $30.00, an initial partial filing fee, by August 15, 2017. (Docket Entry No. 8). The plaintiff was further advised that he was required to pay the remaining $320.00 in monthly installments of $20.00, until the entire filing fee of $350.00 was paid.

The plaintiff has failed to pay the initial partial filing fee or the balance of the filing fee in monthly installments of $20.00, as required by this court's Order entered on July 12, 2017. (Docket Entry No. 13). This court had admonished the plaintiff that failure to pay the initial partial filing fee as well as the balance of the filing fee, or to show that the plaintiff had insufficient assets or means by which to pay the initial partial filing fee within the time specified may result in a dismissal of the plaintiff's complaint without further notice. (Docket Entry No. 8).

The plaintiff's failure to pursue this action forces this court to conclude that he lacks due diligence. Under the inherent powers necessarily vested in a court to manage its own affairs, this court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Clofer v. Perego*, 106 F.3d 678 (5th Cir. 1997); 8 J. MOORE, FEDERAL PRACTICE § 41.51(3)(b) & (e) (3d ed. 2002). Upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b). *See Link*, 370 U.S. at 635.

This action is DISMISSED without prejudice for want of prosecution.

SIGNED at Houston, Texas, on __AUG 2 2 2017__

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] The term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, pretrial release, or diversionary program. 28 U.S.C. § 1915.